FILED
2017 Oct-18 PM 03:17
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | | |
|---|---|---|
| CADRIOUS BATTS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | 7:16-cv-8120-LSC |
| | ) | (7:14-cr-248-LSC-TMP-1) |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Respondent. | ) | |

MEMORANDUM OF OPINION

Cadrious Batts ("Batts") has filed with the Clerk of this Court a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. (Docs. 1 & 6.) The Government opposes the motion. (Doc. 8.) For the following reasons, the motion is due to be denied.

I.  **Background**

On October 8, 2014, Batts pled guilty to two counts of armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d), and one count of brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii).  On February 12, 2015, this Court sentenced him to concurrent terms of 156 months of imprisonment for the armed robbery counts, and a

1

consecutive term of 84 months for his Section 924(c) count. Batts appealed, challenging the procedural and substantive reasonableness of his sentence, but the Eleventh Circuit Court of Appeals affirmed his sentence on October 16, 2015. He filed this, his first § 2255 motion, on June 28, 2016.

## II. Discussion

### A. "*Johnson*" claim

Batts first suggests that his Section 924(c) conviction and sentence have been invalidated by the Supreme Court's decisions in *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *Welch v. United States*, 136 S. Ct. 1257 (2016). In *Johnson*, the Supreme Court declared that the residual clause of the Armed Career Criminal Act's definition of "violent felony", *see* 18 U.S.C. § 924(e)(2)(B)(ii), is void for vagueness, and *Welch* held that *Johnson* was retroactively applicable on collateral review.

Neither decision helps Batts, however. The Eleventh Circuit has held that armed bank robbery under 18 U.S.C. § 2113(a) and (d) remains a "crime of violence" even after *Johnson* because the offense requires the use of physical force against the person or property of another, and nothing about *Johnson* invalidated the definition of "crime of violence" contained in 18 U.S.C. § 924(c)(3), applicable to offenses with an element of "the use, attempted use, or threatened use of

physical force against the person or property of another." *See In re Hines*, 824 F.3d 1334, 1337 (11th Cir. 2016). Accordingly, Batts' attempt to raise a "*Johnson*" claim fails.

B.  **Ineffective Assistance of Counsel**

Batts makes two vague and conclusory allegations of ineffective assistance of counsel. First, he contends that:

> The Counsel for the defendant provided false information in light of the indictment process. The attorney failed to look at evidence, which might have made a difference towards the sentence of the defendant. The defendant asked numerous times about the procedure, but was misguided.

(Doc. 6 at 5.) Second, he also claims that:

> The Counsel on file for the defendant failed to consult with defendant on the terms of accepting a plea. The Counsel on file failed to provide the defendant substa[ntial] time to discuss the terms of accepting a plea deal instead of a trial. This would have impacted the choice the defendant made in terms of accepting a plea.

(Doc. 6 at 7.) Batts provides no further supporting facts.

To demonstrate ineffective assistance, Batts must allege both that his attorney rendered deficient performance, and that he suffered prejudice as a result. *See Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Both of his claims, however, are merely "[c]onclusory allegations of ineffective assistance" which "are insufficient" to warrant relief. *Wilson v. United States*, 962 F.2d 996, 998 (11th

Cir. 1992) (per curiam). With respect to his allegations about "the indictment process," Batts does not specify what "false information" his counsel provided, or what "evidence" his counsel purportedly failed to consider. Nor does he show how the purported misconduct would have affected his sentencing, or otherwise how he was "misguided."

With respect to his allegations about his plea, Batts does not explain what information his counsel failed to disclose that would have convinced him to go to trial. In addition, his vague claim of ineffective assistance is contradicted by his sworn statements made to this Court during his plea colloquy. Batts told this Court that: his attorney did "a good job" and he had no complaints about the level of representation; the two discussed the charges and Batts understood them; and they discussed the plea agreement. Doc. 67 at 4, 5, and 13, in *United States v. Batts*, 7:14-cr-00248-LSC-TMP-1. Moreover, this Court informed Batts about the nature of the charges against him, the rights he would waive by pleading guilty, and the possible range of penalties he faced. *Id*. at 6-13. Batts said that he understood the Court's explanations and chose to plead guilty of his own free will and because he was, in fact, guilty of the charged crimes. *Id*. at 6-16. "There is a strong presumption that the statements made during the [plea] colloquy are true." *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994). "[W]hen a defendant makes

statements under oath at a plea colloquy, he bears a heavy burden to show his statements were false." *United States v. Rogers*, 848 F.2d 166, 168 (11th Cir. 1988). Batts' vague allegations in his § 2255 motion are insufficient to meet that heavy burden.

## III. Conclusion

For the foregoing reasons, Batts' § 2255 motion is due to be denied.

Additionally, this Court may issue a certificate of appealability "only if the applicant has a made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a "petitioner must demonstrate that reasonable jurist would find the district court's assessment of the constitutional claims debatable and wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations omitted). This Court finds that Batts' claims do not satisfy either standard. Accordingly, insofar as an application for a certificate of appealability is implicit in Batts' motion, it is due to be denied.

A separate closing order will be entered.

**DONE** AND **ORDERED** ON October 18, 2017.

/s/ L. Scott Coogler
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE

160704

6